UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DIEGO FELIPE,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-3290-CAB-JLB<br><br>**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Juan Diego Felipe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner is originally from Guatemala and entered the United States without inspection as a minor in December 2008.  On August 9, 2012, he applied for Deferred Action for Childhood Arrivals ("DACA").  [Petition at 2.]  His application was denied on March 26, 2023.  [*Id.*]  Petitioner was detained by immigration authorities on April 14, 2026.  [*Id.* at 3.]  He received a bond hearing on May 22, 2026 where the immigration judge found him subject to mandatory detention under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  [*Id.* at 18.]

Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  [Doc. No. 4.]  Petitioner, however, argues in reply that he is entitled to outright release because he had a protected liberty interest as a result

of remaining at liberty after his DACA application was denied, and so his detention without notice and a hearing violated the Fifth Amendment. He cites many cases in support of this proposition, but all are distinguishable because the petitioners in them were previously detained by immigration authorities and released after it was determined they were not a risk of flight or a danger to the community. *See Fernandez Lopez v. Wofford*, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *7 (E.D. Cal. Oct. 17, 2025) (petitioner detained upon entry to the United States and then released); *Ramirez-Bibiano v. LaRose*, No. 25-cv-3429 JLS (SBC), 2025 WL 3632748, at *1 (S.D. Cal. Dec. 15, 2025) (petitioner released on parole prior to re-detention without notice); *Aguilera v. City of Holtville, CA*, No. 26-cv-532-LL-MSB, 2026 WL 381633, at *1 (S.D. Cal. Feb. 11, 2026) (same); *Escamilla Alvarado v. Casey*, Case No. 26-cv-2593-JO-BJW (S.D. Cal. May 7, 2026), Dkt. No. 6 (petitioner released on recognizance prior to re-detention without notice); *Magana-Hernandez v. Casey*, Case No. 26-cv-2952-JLS (MSB) (S.D. Cal. May 18, 2026), Dkt. No. 5 at 2 (petitioner released on conditional parole prior to re-detention without notice); *Lopez-Mendez v. LaRose*, No. 25-cv-03037-BAS-DDL, 2025 WL 3295331, at *1 (S.D. Cal. Nov. 26, 2025) (petitioner released on bond prior to re-detention without notice). Here, the record does not show that Petitioner has ever been previously detained by immigration authorities.

///
///
///
///
///
///
///
///
///
///

The Court thus **PARTIALLY GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its associated regulations by **July 15, 2026**, unless Petitioner requests a continuance.  If requested by Petitioner, Respondents shall assist Petitioner in obtaining an audio recording of the bond hearing.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: July 1, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

3:26-cv-3290-CAB-JLB